| | | | |
|---|---|---|---|
| AUSA: | Barbara Lanning | Telephone: | (313) 226-9100 |
| Task Force Officer: | Kylie Churches | Telephone: | (313) 202-3400 |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Chance Reed

Case No.

Case: 2:25−mj−30442
Assigned To : Unassigned
Assign. Date : 7/14/2025
Description: RE: PATRICK PATTERSON (EOB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 11, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Kylie Churches, Task Force Officer
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: July 13, 2025

_Judge's signature_

City and state: Detroit, MI

Hon. David R. Grand, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT

I, Kylie Churches, being duly sworn, depose and state the following:

## I. INTRODUCTION

1. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosive (ATF). I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations and make arrests of offenses enumerated under Federal law.

2. I have been a Task Force Officer (TFO) with ATF since March 2022, and I have had extensive law enforcement training, including at the Detroit Police Department Training Center. In addition to being a TFO with the ATF, I have been employed as a police officer with the City of Detroit for approximately six years. I also have a bachelor's degree in criminal justice.

3. I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement officers, communications with others who have personal knowledge of the events and circumstances described herein, review of reports by myself and/or other law enforcement officers, and information gained by my training and experience. This affidavit does not include all the information known to law enforcement related to this investigation.

4. ATF is currently investigating Chance REED for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922 (g)(1).

## II. PROBABLE CAUSE

5. I reviewed records related to REED's criminal history and learned the following:

   a. On or about August 2, 2017, REED was charged in Wayne County's Third Circuit Court with felony controlled substance – delivery/manufacture marijuana. On August 23, 2017, REED pleaded guilty as charged. He was subsequently sentenced to a term of probation under the Holmes Youthful Trainee Act (HYTA). Reed violated probation and his HYTA status was revoked on March 1, 2023.

   b. On or about April 6, 2022, REED pleaded guilty to one count of felony Conspiracy to Commit Hobbs Act Robbery in the United States District Court for the Eastern District of Michigan (case number 19-cr-20492). On February 21, 2023, REED was sentenced to 30 months' incarceration with the Bureau of Prisons, followed by a term of supervised release. REED is currently on federal supervised release for this offense.

6. Based on my training and experience, defendants are warned of the maximum penalty when they enter a plea of guilty to a felony. Additionally, defendants are advised that they are pleading guilty to a felony. Based on the time REED spent incarcerated or under supervision as a result of his felony convictions,

and the severity of his convictions, there is probable cause to believe that REED is aware of his status as a convicted felon.

7. On July 11, 2025, Adult Victim 1 (AV-1) called police and reported that her child's father, Chance REED, assaulted her and had a firearm.

8. Officers from Detroit's Second Precinct responded to AV-1's call for assistance. When the officers arrived at the 15000 block of Ardmore Street in Detroit, Michigan, AV-1 was waiting for the officers in a parked car outside the residence, with AV-1's minor children.

9. AV-1 told officers that REED suffered mental illness but was presently unmedicated. AV-1 told officers that REED had punched her during an argument and that he told her "I got a gun and bulletproof vest, and I been looking for a reason to leave." AV-1 gave officers consent to search the home.

10. As officers approached the home, REED stepped out of the house onto the front porch. The mailbox affixed to the front porch had three last names on it: AV-1's last name, another last name, and "REED." Officers ultimately arrested REED.

11. AV-1 escorted officers into the home and showed them places REED may have kept the firearm. While searching the home, officers found a ballistic vest on the main floor, and a Smith and Wesson SD9 VE handgun in the basement, in a safe, which AV-1 opened for the officers.

3

12. During a subsequent interview, AV-1 told a Detroit Police Detective that REED had been living with her at the address on Ardmore for approximately six months but used his mother's address for probation. AV-1 told the detective that REED's friend brought the Smith and Wesson handgun into the house and that AV-1 placed it in the safe. AV-1 told the detective that REED has access to the safe, and that is how he was able to access the firearm.

13. Detroit Police Detectives interviewed REED. After being advised of his *Miranda* rights, REED agreed to waive his rights and make a statement. REED made the following relevant statements:

   a. REED admitted getting into an argument with AV-1, but denied hitting AV-1.

   b. REED denied knowing about any firearms in the Ardmore residence.

   c. REED denied living at the Ardmore address with AV-1.

   d. REED admitted that the ballistic vest in the home belonged to him.

14. On July 13, 2025, I consulted with Special Agent (SA) Kara Klupacs, an interstate nexus expert. SA Klupacs stated that the Smith and Wesson SD9 VE handgun, based on the written description provided, without physically examining it, is a firearm as defined by federal law and was manufactured outside the state of Michigan and therefore traveled in and affected interstate commerce.

4

## III. CONCLUSION

15. Based upon the aforementioned facts stated herein, there is probable cause to believe REED, a convicted felon aware of his felony convictions, did knowingly and intentionally possess a Smith and Wesson SD9 VE handgun, said firearm having affected interstate commerce, in violation of 18 U.S.C. § 922(g)(1). This violation occurred on or about July 11, 2025, in Detroit, Michigan, in the Eastern District of Michigan.

Respectfully submitted,

Task Force Officer Kylie Churches
Bureau of Alcohol, Tobacco, Firearms
and Explosives.

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Honorable David R. Grand
United States Magistrate Judge

July 13, 2025